CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: c.kuhner@kornfieldlaw.com

Attorneys for Hidden Glen, LLC, Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Hidden Glen, LLC,<br><br><br><br>Debtor. | Case No. 20-41767 CN<br><br>Chapter 11<br><br>**MOTION FOR APPROVAL OF USE OF CASH COLLATERAL**<br><br>**[3225 Clayton Road, Concord, CA]** |
| | Date: January 15, 2021<br>Time: 11:00 a.m. |

Hidden Glen, LLC, Chapter 11 debtor and debtor-in-possession in the above-referenced bankruptcy case ("Debtor"), hereby submits this motion for use of cash collateral, including rents received from the Debtor's rental property located at 3225 Clayton Road, Concord, California ("Property") as follows:

### I. FACTUAL BACKGROUND

On November 9, 2020, the Debtor filed for protection under Chapter 11 of the bankruptcy case. The Debtor is currently operating as a debtor-in-possession in this bankruptcy case.

The Debtor is the owner of the Property which is a completed duplex and property located at 3223 Clayton Road, Concord, California which is a uncomplete duplex and is not rented. However, both units of the Property are currently rented under a residential rental leases with

Motion for Approval of Use of Cash Collateral -1-

Jayme Rajee, Emily Hicks and Kelli Finale in Unit A and Nathaniel Soloman, William Eaton and Christan Chavez in Unit B. The Property generates rent in the amount of $6,190. The Property has a current market value of $1,350,000.

The Property is subject to three (3) deeds of trust therefore the monthly rent is cash collateral as that term is defined under the Bankruptcy Code.[1] The three (3) deeds of trust and the amounts are as follows:

| Holder of Deed of Trust | Current Loan Balance | Monthly Payment |
|---|---|---|
| LTV Private Equity | $1,577,004 | $12,375 |
| Real Estate Finance | $600,000 | $4,624 |
| Lois Mowat | $25,000 | none |

The Debtor wishes to use the rental income of $6,190 to pay for the expenses of the Property, including the payment of property taxes ($940), insurance ($85.90), property management fees ($280) with the balance paid to on the mortgages.

## II. ARGUMENT

**A. Use of Cash Collateral Should be Approved Pursuant to 11 U.S.C. § 363 (c)(1) of the Bankruptcy Code.**

The Debtor's use of property of its estate is governed by Section 363 of the Bankruptcy Code Section 363(c) (1) provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section ... 1108 . . . of this Title and unless the Court orders otherwise, the Trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or hearing. 11 U.S.C. § 363(c) (1).

A debtor-in-possession has all the rights and powers of a Trustee with respect to property of the estate, the including the right to use property of the estate in compliance with Section 363.

---
[1] In addition to the three (3) deeds of trust, there is a Mechanic's Lien filed by United Contractor's Inc. which does not extend to cash collateral. There is also a property tax lien in the amount of $6,550 filed by Contra Costa County.

See 11 U.S.C. § 1107(a). .

Section 363(c)(2) establishes a special requirement with respect to "cash collateral," by providing that the Trustee or debtor-in-possession may not use, sell or lease "cash collateral" under subsection (c)(1) unless:

    (A)    Each entity that has an interest in such collateral consents; or

    (B)    The Court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions of this section.

"Cash collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or cash equivalents in the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). It is universally acknowledged that the Debtor's cash "is the life's blood of the business," and the Bankruptcy Court must assure that such "life's blood is available for use, even if to a limited extent." *In re Mickler*, 9 BR 121, 123 (Bankr. M.D. Fla. 1981).

The Debtor requires use of the cash collateral to pay its ongoing operating expenses on the Property, including paying the mortgage, taxes and insurance. Attached hereto as **Exhibit A** is a breakdown of the rent to be collected and expenses to be paid by the Debtor relating to the Property.

### B. The Secured Creditor Is Adequately Protected.

The creditors are entitled to protection from the Debtor's use of cash collateral. Although adequate protection is not defined in the Bankruptcy Code, 11 U.S.C. § 361 provides the following three non-exclusive examples of what may constitute adequate protection:

    (1)    Requiring the Trustee to make a cash payment or periodic cash payments to such entity, to the extent that the . . . use. . under section 363 of this Title . . . results in a decrease in the value of such entity's interest in such property.

    (2)    Providing to such entity an additional or replacement lien to the extent that such . . . use . . . results in a decrease in the value of such entity's interest in such property; or

    (3)    Granting such relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

The rent will be used exclusively to pay expenses n the Property including taxes, insurance, property management fees and to pay the senior lien holder the balance of any rent left over. The Debtor anticpates the holders of the junior deeds of trust will not oppose the use of the cash collateral as set forth n this Motion. As such, the secured creditor is adequately protected.

### III. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an order:

(a) Granting the Motion and approving the use of cash collateral as set forth herein; and

(b) Any further relief this Court deems appropriate.

Dated: December 17, 2020    Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Chris D. Kuhner
(Bar No. 173291)
Attorneys for Hidden Glen, LLC, Debtor-in-Possession

# EXHIBIT A

Cash Collateral Budget

**Income:**

    Rent                $6,190

**Expenses:**

| | |
|---|---|
| Taxes | $940.00 |
| Insurance | $85.90 |
| Management fees | $280.00 |
| Mortgages | First   $12,375 |
| | Second $4,624 |
| | Third   None |