CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: c.kuhner@kornfieldlaw.com

Attorneys for Hidden Glen, LLC, Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 20-41767 CN |
| Hidden Glen, LLC, | Chapter 11 |
| | **REPLY TO UNITED CONSTRUCTORS INC'S OBJECTION TO MOTION FOR APPROVAL OF USE OF CASH COLLATERAL** |
| | **[3225 Clayton Road, Concord, CA]** |
| Debtor. | |
| | Date: January 15, 2021<br>Time: 11:00 a.m. |
| | **TO BE HELD TELEPHONICALLY, OR VIA VIDEO, WHERE APPROVED AND APPLICABLE** |

Hidden Glen, LLC, Chapter 11 debtor and debtor-in-possession in the above-referenced bankruptcy case ("Debtor"), hereby submits this reply to United Constructors Inc.'s ("UCI") Objection to the Motion ("Motion") for Approval of Use of Cash Collateral ("Objection"), including rents received from the Debtor's rental property located at 3225 Clayton Road, Concord, California ("Property") as follows:

# I. FACTUAL BACKGROUND

On November 9, 2020, the Debtor filed for protection under Chapter 11 of the bankruptcy case. The Debtor is currently operating as a debtor-in-possession in this bankruptcy case.

The Debtor is the owner of the Property which is a completed duplex ("Completed Duplex") and property located at 3223 Clayton Road, Concord, California which is a uncomplete duplex ("Uncompleted Duplex") and is not rented (collectively referred to as "Duplexes"). The value of the Duplexes is $2.6 million dollars.

UCI asserts a mechanics lien claim of $612,829 purported to be in senior position secured by the Duplexes. There is a remaining balance of UCI's claim which is unsecured. The Debtor disputes the entirety of UCI's claim, secured or unsecured.

As set forth Motion, the Debtor is receiving rental income in the amount of $6,190 ("Rental Income"). The Motion asks for the vanilla relief to authorize the Debtor use the Rental Income to pay taxes, insurance, management fees, maintenance cost and then use the balance to the mortgage holders.

In the Objection, UCI does not object to the non-mortgage payments requested in the Motion. However, UCI contends that the mortgage holders with actual interests in the Rental Income not be paid and, without any legal authority, require the Rental Income be escrowed for the benefit of UCI.

Unfortunately, UCI has failed to submit any evidence or legal authority that (1) it has an interest in the Rental Income; (2) that UCI is not adequately protected; (3) the proposed use of the Rental Property does not protect the collateral, i.e. the Duplexes; and (4) UCI has the right to compel the Debtor to escrow the Rental Income for the benefit of UCI.

# II. LEGAL ARGUMENT

## A. UCI Does Not Have An Interest in the Cash Collateral.

Cash Collateral must be property . . . "in which the estate and an entity other than the estate have an interest . . ." 11 U.S.C. §363(a). This typically means that the party seeking protection with respect to the cash collateral has some ownership or property inters tin the cash collateral. This is satisfied if the "interest" is a security interest or lien recognized under non-bankruptcy law.

KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600  Oakland, California 94612

*In re Las Vegas Monorail Co.,* 429 BR 317, 327 (Bankr. Nev. 2010).

11 U.S.C. Section 363(p) provides that ". . . (1) the trustee has the burden of proof on the issue of adequate protection; and (2) the entity asserting an interest in property has the burden of proof on the issue of validity, priority, or extent of such interest."

The Debtor easily meets its burden as to the issue of adequate protection. The Debtor has submitted evidence not in dispute that the Duplexes have a value of $2.6 million. UCI is asserting a senior lien in the Duplexes in the amount of $612,819. A nearly $2 million dollar equity cushion is adequate protection.

In contrast, UCI has failed to meet its burden as to establishing it has an interest in the Rental Income. The Objection is void of evidence or analysis that UCI's mechanics lien attaches to the Rental Income. That is because the statute is clear that a mechanic's lien only attaches to real property or improvements thereon. California Civil Code Section 8440 provides that "subject to Section 8442, a lien attaches to the work of improvement and to the real property on which the work of improvement is situated." The statute limits UCI's lien to the real property, not the rent, let alone post-petition rents. UCI has clearly failed to meet its burden and that is fatal to its Objection.

**B.    UCI Is Adequately Protected And The Proposed Use of The Cash Collateral Is Proper.**

Even if UCI had an interest in the Rental Income (which it does not), UCI is adequately protected with a nearly $2 million dollar equity cushion. The undisputed mortgage holders who do not enjoy a multi-million dollar equity cushion do have an interest in the cash collateral and should be paid from the Rental Income. The proposed use of the Rental Property as set forth in the Motion protects the collateral for all the creditors of this bankruptcy estate, including UCI, the ideal goal of the ultimate use of cash collateral.

## III.    CONCLUSION

WHEREFORE, the Debtor requests that the Court grant the Motion.

Dated: January 8, 2021                    Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.


                                          By: /s/ Chris D. Kuhner
                                             (Bar No. 173291)
                                             Attorneys for Hidden Glen, LLC, Debtor-in-
                                             Possession

**KORNFIELD** NYBERG, BENDES, KUHNER & LITTLE, P.C.

1970 Broadway, Suite 600  Oakland, California 94612

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On January 8, 2021, I served the following documents:

**REPLY TO UNITED CONSTRUCTORS INC'S OBJECTION TO MOTION FOR APPROVAL OF USE OF CASH COLLATERAL**

by placing copies of said documents in a sealed envelope and served in the manner described below addressed as follows:

| | |
|---|---|
| *Via-Electronic Service* | *Via-Electronic Service* |
| Suhey Ramirez | Leonidas G. Spanos |
| Office of the United States Trustee | Jen Lee Law |
| 280 South 1st St. | 111 Deerwood Road #200 |
| San Jose, CA 95113 | San Ramon, CA 94583 |

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of January 2021 at Danville, California.


/s/ Gail A. Michael
_____