CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: c.kuhner@kornfieldlaw.com

Attorneys for Hidden Glen, LLC, Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Hidden Glen, LLC,<br><br>Debtor. | Case No. 20-41767 CN<br><br>Chapter 11<br><br>**PRELIMINARY OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: January 15, 2021<br>Time: 11:00 a.m.<br><br>**TO BE HELD TELEPHONICALLY, OR VIA VIDEO, WHERE APPROVED AND APPLICABLE** |

Hidden Glen, LLC, Chapter 11 debtor and debtor-in-possession in the above-referenced bankruptcy case ("Debtor"), hereby submits this preliminary opposition[1] to United Constructors Inc.'s ("UCI") Motion for Relief from the Automatic Stay as follows:

### I. FACTUAL BACKGROUND

On November 9, 2020, the Debtor filed for protection under Chapter 11 of the bankruptcy case. The Debtor is currently operating as a debtor-in-possession in this bankruptcy case.

---
[1] Bankruptcy Local Rule 4001-1(f) provides that "A respondent will not be required to, but may, file responsive pleadings, points and authorities, and declarations for any preliminary hearing."

Preliminary Opposition to Motion for Relief from the Automatic Stay

-1-

The Debtor is the owner of the property located at 3225 Clayton Road, Concord, California which is a completed duplex ("Completed Duplex") and property located at 3223 Clayton Road, Concord, California which is a uncomplete duplex ("Uncompleted Duplex") and is not rented (collectively referred to as "Duplexes")

There is no dispute by UCI that the Duplexes have a value of $2.6 million dollars.

UCI asserts a mechanics lien claim of $612,829 purported to be in senior position, secured by the Duplexes. The remaining balance of UCI's claim is unsecured. The Debtor disputes the entirety of UCI's claim, secured or unsecured.

This is a single asset real estate case pursuant to 11 USC 362(d)(3). Therefore, there is a statutory timeline for the Debtor to file a plan. The deadline is 90 days after the petition date or February 8, 2021, unless extended for cause.

As indicated previously, the Debtor is in the process of trying to obtain financing sufficient to finance the completion of the Uncompleted Duplex. Without such financing, the Debtor is not able to present a plan to creditors. It is in interest of all creditor of this bankruptcy estate, including UCI, to allow the Debtor the opportunity to obtain financing to complete the Uncompleted Duplex.

## II. LEGAL ARGUMENT

**A. UCI Only Discusses 5 of the 12 Factors A Court Should Consider Regarding Relief from Stay and Motion Should Be Denied.**

Section 362(d)(1) of the Bankruptcy Code authorizes the court to modify or terminate the automatic stay for "cause, which "has not clear definition and is determined on a case by case basis." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1166 (9th Cir. 1990). The party requesting stay relief bears the burden of making a prima facie showing of cause under Section 362(d)(1). *See In re Plumverex Specialties Prods., Inc.* 311 B.R. 551,553 (Bankr. C.D. Cal. 2004). In determining whether cause exist to permit an action to proceed in a non-bankruptcy forum, courts analyze the twelve factors set forth in *In re Curtis,* 40 B.R. 795 (Bankr. D. Utah 1984). The full list of those factors and how they apply, if applicable, to this case are as follows:

**(1) Whether the relief will result in a partial or complete resolution of the issues.**

If relief is granted, it may result in a liquidation of UCI's claim and potentially the determination of the priority of UCI's secured claim. Although this ultimately is a necessary finding to accomplish in this case, it is premature. Proceeding with the state court action will force the Debtor to expend resources, resources it currently does not have, before it is able to present a plan to efficiently resolve all debts and provide a pathway for payments to all creditors. The appropriate forum for this dispute should be the claims objection process under the Bankruptcy Code.

**(2) The lack of any connection with or interference with the bankruptcy case.**

Proceeding at this time will absolutely interfere with this bankruptcy case by pulling the Debtor into litigation at a time that it is trying to obtain financing and present a plan, with a statutory deadline fast approaching. Until the Debtor is able to finance the completion of the Uncompleted Duplex, there is no reason to engage in expensive and time consuming litigation about the validity of UCI's secured claim in the state court.

**(3) Whether the foreign proceeding involves the debtor as a fiduciary.**

The Debtor is not a fiduciary in the state court proceedings.

**(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.**

The state court is not a specialized tribunal. Courts have held that, for purposes of this factor, state courts are not specialized tribunals. *In re Torres-Montoya,* No. 17-11823, 2017 WL 5713198, at *3 (Bankr. D.N.M. Nov. 21, 2017) ("The state court is not a specialized tribunal.')

**(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.**

The Debtor has no insurance covering UCI claims.

**(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.**

The Debtor is a key party to the action and not a bailee or conduit for any goods or proceeds in question.

**(7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.**

As set forth above, the litigation would prejudice the other interest of the creditors in this case in that it would force the Debtor to litigate without resources while it is in a critical stage of this chapter 11 bankruptcy.

**(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).**

The Debtor's claims against UCI if proven would offset UCI's claim significantly or perhaps in full, and may provide a basis for equitable subordination.

**(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).**

Section 522(f) is not applicable to this case.

**(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.**

At this time, litigating the state court claims will not foster judicial economy as it is premature to litigate UCI's claim which may be resolved by way of the claim objection process once there is a viable plan to complete the construction.

**(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.**

The state court case is not ready for trial

**(12) The impact of the stay on the parties and the "balance of hurt."**

The balance of hurt weighs heavily in favor of not granting the Motion. The Debtor is attempting to confirm a plan that will result in the completion of the Uncompleted Duplex which will allow the Debtor to then sell or refinance the Duplexes. This will result in an significant value to the estate and all creditors. If the Debtor is unable to obtain this goal, then it very well may be that conversion or dismissal is in order. In either instance, returning to state court will unnecessarily burden the Debtor and this bankruptcy estate.

Based on the foregoing, under the "Curtis Factors," the relief requested in the Motion is unwarranted.

## B. The Motion Should Not Be Granted Because (1) There Is A Significant Equity Cushion; and (2) the Property is Necessary for Reorganization.

First, there is an significant equity cushion protecting UCI in the amount of nearly $2 million dollars. The Duplexes are valued at $2.6 million and UCI's purported senior lien is $612,829. The fact that there are liens junior to UCI which consume the remaining equity is not how you determine "lack of equity" under 11 U.S.C Sec. 362(d).

Regardless, even assuming UCI is under secured, being under secured alone is not a basis for relief from stay. *United Savings Ass'n of Texas* v. *Timbers of Inwood Forest Assocs.*, 484 U.S. 365 (1988).

Second, the Duplexes are absolutely necessary for the reorganization of the Debtor, as has been set forth in numerous pleadings. To be clear, the Debtor's plan will be to (1) complete the Uncompleted Duplex, (2) rent or sell the Duplexes in the future, (3) and modify the existing debt to reduce interest rate the Debtor's paying. Without the Duplexes, the Debtor has no plan, very simple and without any real dispute.

### III. CONCLUSION

WHEREFORE, the Debtor requests that the Court deny the Motion.

Dated: January 8, 2021    Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By:/s/ Chris D. Kuhner
(Bar No. 173291)
Attorneys for Hidden Glen, LLC, Debtor in Possession

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On January 8, 2021, I served the following documents:

**PRELIMINARY OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

by placing copies of said documents in a sealed envelope and served in the manner described below addressed as follows:

<u>*Via-Electronic Service*</u>
Suhey Ramirez
Office of the United States Trustee
280 South 1st St.
San Jose, CA 95113

<u>*Via-Electronic Service*</u>
Leonidas G. Spanos
Jen Lee Law
111 Deerwood Road #200
San Ramon, CA 94583

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of January 2021 at Danville, California.

/s/ Gail A. Michael